KOG 10/3/2022
CAH: USAO 2022R00577

USDC- BALTIMORE
'22 OCT 5 PM 2:30

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * CRIMINAL NO. _JRR - 22 - 0349_ |
| **v.** | * |
| | * **(Possession of Ammunition by a** |
| **DEVIN GREY LINN,** | * **Prohibited Person, 18 U.S.C. §** |
| | * **922(g)(4); Forfeiture, 18 U.S.C. §** |
| | * **924(d), 21 U.S.C. § 853(p), 28 U.S.C. §** |
| **Defendant.** | * **2461(c))** |
| | * |
| | * |
| | * |

*******

## INDICTMENT

### COUNT ONE
### (Possession of Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about August 19, 2022, in the District of Maryland, the defendant,

### DEVIN GREY LINN,

knowing he had previously been committed to a mental institution, knowingly possessed ammunition, to wit: 293 rounds of CCI .22 short caliber ammunition bearing the head-stamp "C"; 16 rounds of Federal .45 Auto caliber ammunition bearing the head-stamp "Federal 45 AUTO"; one round of Norma .45 ACP caliber ammunition bearing the head-stamp "Norma .45 ACP"; one round of Winchester .30-06 Springfield ammunition bearing the head-stamp "Super-X 30-06 SPRG"; and one round of Poongsan (South Korea) .30 Carbine ammunition bearing the head-stamp "PS82"; and the ammunition was in and affecting interstate commerce.

18 U.S.C. § 922(g)(4)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.       Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), as a result of the defendant's conviction under Count One of the Indictment.

2.       Upon conviction of Count One of this Indictment, the defendant,

## DEVIN GREY LINN,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the ammunition involved in the commission of the offense, to wit: 293 rounds of CCI .22 short caliber ammunition bearing the head-stamp "C"; 16 rounds of Federal .45 Auto caliber ammunition bearing the head-stamp "Federal 45 AUTO"; one round of Norma .45 ACP caliber ammunition bearing the head-stamp "Norma .45 ACP"; one round of Winchester .30-06 Springfield ammunition bearing the head-stamp "Super-X 30-06 SPRG"; and one round of Poongsan (South Korea) .30 Carbine ammunition bearing the head-stamp "PS82."

## Substitute Assets

2.       If any of the property described above, as a result of any act or omission of the defendant,

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

2

    d.  has been substantially diminished in value; or,

    e.  has been commingled with other property which cannot be divided without

       difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p) and 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

_Erek Barron /CAH_
Erek L. Barron
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

10/5/2022

Date

3